BUCKNER S. MORRIS *et al.*, appellants, *vs.* THE CITY OF CHICAGO, appellee.

*Appeal from the Cook County Court of Common Pleas.*

An appeal can be prosecuted from a judgment which relates to a freehold, although the act under which the judgment may have been rendered, is silent in regard to the right to appeal.

In a proceeding under the acts incorporating the city of Chicago, which authorizes the common council to lay out streets, &c., and to make assessments, &c., in that behalf, it is erroneous to superadd the costs of such proceeding, in addition to the damages awarded to the owner of the ground.

This was an application by the City of Chicago to the Cook Common Pleas, to have Madison street, in said city, between Wells and State streets, widened. The application was allowed, commissioners were appointed, proofs heard, and report of commissioners was filed. At February term, 1850, Spring, Judge, presiding, after hearing the exceptions to the report, the report was confirmed, and the land necessary to the opening of said street was condemned. The parties interested in the land assessed, took exceptions to the ruling of the Court, and prayed this appeal. The points in controversy are stated in the opinion of the Court.

J. M. WILSON, for appellants.

J. W. CHICKERING, for appellee.

Opinion by TREAT, C. J.:

The eleventh section of the "Act supplementary to the act to incorporate the city of Chicago, approved March 4th, 1837," declares, that "the common council shall have power to lay out, make and assess, streets, alleys, lanes and highways, in said city, and make wharves and slips at the ends of streets, and to alter, widen, contract, straighten and discontinue the same." It further declares, "whenever the common council shall desire to take or appropriate any land, or town lot, or any part thereof, not the property of the city, for any of the purposes aforesaid, they shall cause an application to be made, in writing, to some Court of record in the county of Cook, or Judge thereof in vacation, for the condemnation of such land, or town lot, or part thereof, for such purposes, and shall give notice of such appli-

cation, by publishing a notice thereof, for thirty days, in the corporation newspaper. And upon such application and proof of publication of such notice being filed in the office of the clerk of said Court, the said Court or Judge shall appoint three commissioners to examine and report upon the necessity of such appropriation, and the value of such land, town lot, or part thereof, and the injury to the owner or owners thereof, respectively, in consequence of such appropriation, and at the same time to assess and apportion the said damages and expenses of said improvement on real estate deemed by them benefited thereby, as nearly as may be in proportion to the benefit resulting therefrom, after taking into consideration and making due allowance for any benefit which said owner or owners may derive from such improvement, and shall describe the real estate upon which such assessment is made. If there be any building on any land taken for such improvement, the owner thereof shall have ten days, or such time as the common council may allow, after the final assessment of the commissioners and the proceedings of the Court are confirmed by the common council, to remove the same, and in case such owner remove such building, the value thereof to the owner to remove shall be deducted from the amount of damages to be awarded to the owner thereof, and such value shall be, at the time of the assessment, determined by the commissioners, and in case of removal deducted *pro rata* from the assessments upon the real estate deemed benefited by such improvements." The same section further provides, that the commissioners shall report their proceedings to the Court, and the Court may, if the proceedings are found to be fair and regular, confirm the same, and condemn the land for the purposes intended. The proceedings are then to be certified to the common council, and, if the same shall be approved by the council, " an order shall be entered at large upon the records of the common council, confirming the same, and directing a warrant to be issued to the collector, for the collection of said assessment, as in other cases, and the same proceedings shall be had, in all respects, for the collection of the same, as for the collection of other taxes or assessments."

Under the authority of these provisions, the common council presented a petition to the Court of Common Pleas, representing that they desired to widen Madison street, and for that pur-

pose to take and appropriate a portion of certain lots bordering thereon, and praying for the appointment of commissioners to report upon the necessity of the improvement, the value of the land to be appropriated, and the injury to the owners in consequence thereof, and also to assess and apportion the damages and expenses of the improvement on such real estate as would be benefited thereby. Commissioners were appointed, in pursuance of the prayer of the petition, who reported in favor of widening the street, and the appropriation of the land for the purpose. They estimated the damages to the owners of the lots to be appropriated, to the sum of $8,740 17. To this amount they added the sum of $96, as compensation to the city attorney, printer, surveyor, clerk of the Court, and the commissioners, for their services in connection with the proceedings—the commissioners considering this amount as part of the necessary expenses of the improvement. The aggregate of these sums, $8,836 17, was then assessed and apportioned against the lots in the vicinity, deemed to be benefited by the widening of the street. They also reported that the buildings on the land to be appropriated, would be worth to the owners for the purpose of removal, $3,500, which sum they did not deduct from the aggregate of $8,836 17.

The Court made an order, confirming the report of the commissioners, and condemning the land for the purposes of the street, as prayed for by the corporation. To reverse this order, some of the parties interested have prosecuted an appeal to this Court.

It is contended by the counsel for the corporation, that an appeal will not lie in such a case. The act, under which the proceeding was had, is silent in this respect, and, if an appeal can be prosecuted, it must be by virtue of the general provision regulating appeals. The statute provides, that appeals "shall be allowed in all cases, where the judgment or decree appealed from be final, and shall amount, exclusive of costs, to the sum of twenty dollars, or relate to a franchise or freehold." R. S., ch. 83, sec. 47. In our opinion, the case is clearly within this provision of the statute. The judgment complained of clearly relates to a freehold. It is a condemnation of real estate, by which the title of the owner may be divested, and transferred to and vested in the corporation. The very object of the corpora-

Morris *et al. vs.* The City of Chicago.

tion was to acquire the fee in the land, and the order of the Court acts directly on the title. The title was necessarily drawn in question, for a party is not entitled to recover damages for the appropriation of land to public uses, unless he is the owner thereof. The commissioners had, therefore, to determine the question of title to the land, and assess damages to the proprietors, for the loss sustained by reason of the appropriation. The judgment of condemnation, if permitted to stand and be carried into effect by the corporation, would as effectually conclude the parties from afterwards asserting title to the land, as would a sale on execution, or a recovery in ejectment. We have not the slightest doubt of the right of the parties to have the proceedings reviewed in this Court.

There is a fatal objection to the proceedings of the commissioners. In addition to the damages awarded to the owners of the ground appropriated, they have added the costs of the proceeding—the whole of which is embraced in the assessment against the proprietors of the lots benefited by the widening of the street. Costs are not given by the statute regulating this proceeding; and they cannot be recovered, unless expressly given to the corporation. The damages and expenses of the improvement are only to be assessed and apportioned. The commissioners had no authority to superadd the costs of the proceeding. The owners of the property benefited by the widening of a street, can only be charged with the damages awarded to the proprietors of the ground taken for the purposes of the street, and the necessary expenses of opening the same. The words " and expenses of said improvement" do not embrace the costs of the proceeding, but only the expenses necessarily incurred in putting the street in a proper condition to be used by the public—such as the removal of buildings, the grading of the street, and the like. The costs of the proceeding must be borne by the corporation, in the absence of any statutory provision requiring them to be taxed against and collected from the owners of the adjacent property. For this error, the order of the Court, confirming the report of the commissioners, and condemning the land for the purposes of a street, must be reversed.

A question of much importance was made on the argument, and perhaps arises in this case—involving the right of the corporation, under the constitution, to collect from the owners of

adjacent property the real value, for the purposes of removal, of the buildings standing on the ground appropriated, where the owners fail to remove the same—but as it was not necessary to the decision of the case, the question has not been investigated, and, consequently, no opinion will be expressed respecting it.

The judgment of the Court of Common Pleas will be reversed, with costs; and the cause will be remanded, to the end that further proceedings may be had in the matter. The effect of the reversal will be to vacate all of the proceedings subsequent to the filing of the petition by the corporation. The Court must, therefore, commence *de novo*, by the appointment of commissioners.

*Judgment reversed.*