# ST. LOUIS AND SOUTHEASTERN RAILWAY CO.

## *v.*

## PETER LUX.

1.  APPEALS—*whether will lie.* An appeal will lie to this court from the judgment of a circuit court condemning land for the right of way of a railroad under the act of 1852.  The right of a party in such case to have the decision of the circuit court reviewed by this court is a constitutional right, conferred by that clause in the constitution defining the jurisdiction of the supreme court.

2.  JUROR—*refusal of the court to exclude from the panel—whether ground for a new trial.*  Where a party objected to a juror for the reason that he was on the regular panel, and was called to serve without his name being drawn by lot, but the court refused to exclude him, upon appeal it was

*held*, admitting such to be an irregularity, yet, as the party, so far as disclosed by the record, had not used any of his peremptory challenges when the panel was complete, and he might in that mode have excluded the juror from the box without prejudice to himself, it was not ground for a new trial, though it might have been so considered if the party had had occasion to use his peremptory challenges before the panel was complete for the purpose of excluding other jurors.

3. EXECUTION—*whether may be awarded.* In a proceeding to condemn land for the right of way of a railroad under the act of 1852, it is error to award execution against the company for the damages assessed.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Messrs. C. W. & E. L. THOMAS, for the appellant.

Messrs. WINKELMAN & HALBERT, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This is an appeal from a judgment of the circuit court condemning land for right of way under the act of 1852. It is contended that an appeal will not lie, as the statute makes the judgment of the circuit court final and conclusive. It has, however, been the constant practice of this court to take jurisdiction of appeals under this statute. The constitution of 1848 provided that the supreme court should have original jurisdiction in cases relating to the revenue, in *mandamus* and *habeas corpus,* and appellate jurisdiction in all other cases.

The case of *Moore* v. *Mayfield,* 47 Ill. 169, simply decided that the proceeding then sought to be brought before the court was merely a canvass of votes, and not a " case " within the meaning of the constitution.

In *Morris* v. *The City of Chicago,* 11 Ill. 650, which was a proceeding to condemn land, the court held an appeal would lie by virtue of the general law, although no appeal was provided for in the act under which the proceeding was had.

In *Crow* v. *Mason County*, 22 Ill. 666, the question as to the constitutional right to prosecute a writ of error was not considered.

The case of *Marion County* v. *Harper*, 44 Ill. 482, did not present a question of damages, but was a proceeding in the county court of a county not under township organization, involving questions as to the propriety or policy of laying out a new road by the county. The present case involves merely the question of assessment of damages in condemning land for a railway, and not the policy of establishing a road. It is a contest between two parties as to what amount one party shall pay for the use of the other's lands, and must be considered a " case " within the meaning of the constitution in the clause defining the jurisdiction of this court. A writ of error would lie, and under the act of 1865 appeals may be taken in all cases where writs of error can be prosecuted. See *Schlattweiler* v. *County of St. Clair, ante* p. 449.

It is urged that Hill should not have been accepted as a juror, as he was on the regular panel, and was called to serve on this trial without drawing his name by lot. Admitting this was an irregularity, it is not a reason in this case for granting a new trial. The appellant might have challenged him peremptorily. If it had occasion to use its peremptory challenges before the panel was complete, in order to exclude other jurors, we might take a different view of the question. It did not, however, use any of them, so far as the record discloses, and as it might have excluded this juror from the box without prejudice to itself, we do not consider the refusal of the court to do so a ground for a new trial.

It is admitted by the appellee that the circuit court erred in awarding an execution against the railway company to collect the damages. The judgment must therefore be reversed, with leave to the appellee to move for another judgment on the verdict, unexceptionable in form.

*Judgment reversed.*