Mabry v. State.

# MABRY V. STATE.

50 492
56 7
50 492
58 520
50 492
62 537
62 554
50 492
69 326
50 492
72 572
50 492
84 177

1. CRIMINAL PROCEDURE: *Impaneling jury: Order to summon talesmen.*

Several days before the day set for the trial of the defendant on an indictment for murder, the court ordered the sheriff to summon thirty talesmen to be present on that day—the object of the order being to avoid the delay which it was apprehended might result from a failure to obtain a jury from the regular panel. *Held:* That such order, made in the exercise of a discretion necessarily possessed by the trial court for the dispatch of business, was not objectionable as being premature, and did not affect the legality of the panel of jurors selected for the defendant's trial, since it merely secured the presence of by-standers from whom the jury was lawfully completed after the regular panel was exhausted.

2. SAME: *Same: Order made in defendant's absence.*

The practice of summoning a special jury for each criminal case (*Gould's Dig.*, ch. 52 sec. 155), having been abolished by the adoption of the Code of Procedure, an order of the court directing the sheriff to summon tales jurors to attend on the day set for the trial of an indictment for a felony, so that they might be called as bystanders if the regular panel should be exhausted without obtaining a jury, is not a step in the defendant's trial such as entitles him to demand the right to be present when it is taken ; and it is not error to make such order in his absence.

3. SAME ; *Objection to jurors: Waiver of.*

In impanelling a jury for the trial of the defendant on an indictment for a felony, he objected to certain persons offered to complete the jury, on the ground that they were called from a list of talesmen summoned under an order made in his absence. His objection was overruled, and six of the persons thus summoned, were selected to complete the panel. The record fails to show that the defendant exhausted his peremptory challenges. *Held:* That such objection will be regarded as waived by the failure to challenge which was an implied admission that the jurors were unobjectionable.

4. SAME: *Absence of defendant.*

The rule that the probability of prejudice by a proceeding had in the absence of a defendant, prosecuted for a felony; is all that need be shown to reverse a judgment of conviction, (*Bearden v. State,* 44 *Ark.,* 331) is adhered to ; but so also is its corollary that a judgment will not be reversed for that cause when it is plain the defendant has lost no advantage by his absence. (*Polk v. State,* 45 *Ark.,* 165.)

5. SAME: *Summoning talesmen: Disqualification of sheriff.*

Evidence that the defendant, having been arrested upon a charge of assault with intent to kill, was in the custody of the sheriff when the person assaulted died of his wounds, and that thereupon the sheriff made an affidavit upon which the defendant was held for murder, is not of itself sufficient to disqualify the sheriff on the ground of bias or prejudice, from summoning talesmen on the trial of an indictment for the higher offense.

APPEAL from *Faulkner* Circuit Court.
J. W. MARTIN, Judge.

*Bruce & Bolton, W. S. McCain* and *C. W. Cox,* for appellant.

1. The order for a special venire, made in the absence of defendant, was a substantive act, which in a felony case, is ground for reversal. 24 *Ark.*, 620; 44 *Id.*, 331; 24 *Id.*, 628.

2. The panel in this case consisted of 18 jurors only. Defendant was entitled to a full panel of 24. *Mansf. Dig.,* secs. 4004-8; 14 *Iowa*, 220; 9 *Pac. Rep.*, *Dupont v. McAdow,* *January* 25, 1886; 2 *Id.*, 21; 13 *Wall*, 434; 32 *Kans.*, 477; 9 *Johns.*, 260; 73 *Ill.*, 246; 67 *Ill.*, 154; 5 *Blackf.* (*Ind.*) 120; 3 *Ib.*, 37.

3. The jury were not instructed as to the different grades of homicide. *Bish. Cr. Pro.*, sec. 980; 41 *Tex.*, 306.

4. The court erred in overruling the motion for new trial, on the ground of the disqualification of one of the jury, who was biased.

*Dan W. Jones*, for appellee.

No error was committed in ordering the special venire, or selecting the jury. 24 *Ark.*, 620, 628, is not applicable to present practice. Compare secs. 155-6, *ch.* 52, *Gould's Dig.*, with *secs.* 2219, 2222 *and* 3984, *Mansf. Dig.*

Appellant could not complain if more jurors than the law requires were summoned. 5 *Ark.*, 444, 453. He was not entitled to any particular persons upon the jury. 29 *Ark.*, 17, 22; 35 *Ib.*, 639,643.

So that a fair and impartial trial, by a fair and impartial jury, was accorded him, he cannot have been prejudiced even if the court had proceeded irregularly in obtaining such a jury. 9 *Tex. Ct. App.*, 412, 417; 8 *Ib.*, 620; *Ib.*, 626; *Ib.*, 659, 669; 18 *Iowa*, 140; 11 *Nev.*, 98, 108.

Cockrill, C. J. The appellant was indicted and tried for murder in the second degree, was convicted and sentenced to five years' imprisonment in the penitentiary. Several days before the cause was set for trial, the judge, at the request of the state's attorney, ordered the sheriff to

summon thirty tales jurors to be present on the day of trial
ready for service as necessity might require. The defendant
was absent on bail when the order was made. His counsel
was present and raised no objection. The bill of exceptions
assigns, as a reason for making the order, the belief that the
regular panel would be exhausted without obtaining a jury
and that delay would be avoided by the course pursued.

When the cause was reached for trial, the defendant filed
a motion to set aside the array of talesmen brought in by the
sheriff, assigning as grounds for his motion, (1) that the
order directing the jurors to be summoned was made preme-
turely; (2) that it was made when defendant was not pres-
ent; and (3) that the sheriff who executed the order was
biased against the prisoner.

1. CRIMI-
NAL PRO-
CEDURE:
Impanel-
ing jury:
Order to
summon
talesmen.

The court heard testimony on the questions presented and
overruled the motion.

The regular panel, upon being called, was found to con-
sist of 18 jurors instead of 24 as the statute requires. The
court directed the sheriff to summon six jurors from the by-
standers to complete the panel, and, over defendant's objec-
tion, he was permitted to call them from the list of talesmen
already returned by him. The names of the jurors thus ob-
tained were put into the jury box with the 18 of the regular
panel, and the parties proceeded to impanel a jury. Six
jurors were obtained from the 24—three from the original list
and three from the recruits brought in by the sheriff, all
being of the regular panel as the record recites. As jurors
were thereafter needed to complete the trial jury, the sheriff
was directed to summon bystanders—"the court each
time," according to the bill of exceptions, "over the de-
fendant's objection permitting the sheriff to call from his list
containing the names of the special venire, names to com-
plete the panel to try this case," until a jury was obtained,
exceptions being saved in every instance.

It is urged that the jury was illegally impanelled, and that the judgment should be reversed for that reason.

The record shows that the defendant was accorded the statutory right of drawing his jurors from the regular panel assembled for the term. It had become depleted and was refilled, before the trial, by the sheriff under the direction of the court in the manner pointed out by the statute. *Mansf. Dig., sec.* 4008. The record does not show that the jurors thus summoned were sworn as petit jurors for the term, but that is immaterial to the prisoner as the oath administered to the panel binds the jurors in civil cases only. *Mansf. Dig., sec.* 4007. In every criminal prosecution the jury is specially sworn as provided in *sec.* 2248, *Mansf. Digest,* even though composed of the regular panel. *Childs v. State,* 45 *Ark.,* 143. They were properly sworn in this case. The defendant's exceptions to the jury go only to this, viz: that nine jurors were taken from the list returned by the sheriff in obedience to the order of the court above set forth. The first objection is that the order was prematurely made.

The supreme court of Louisiana, in disposing of an objection to the practice of bringing in talesmen before it is known that they will be required to complete the jury, say : " The complaint of the accused is not that jurymen *de talibus* were imposed on him before the regular panel was exhausted. Had the jury been completed from the regular panel, the order would have had no effect. As the panel was exhausted, the order simply served to secure the presence of bystanders from whom the jury was lawfully completed. We think the action of the court was proper under the circumstances and fail to perceive any injury or abridgement of his legal rights resulting to the defendant." *State v. Moncla,* 2 *Southern Reporter,* 814.

It is necessary that the trial court should be possessed of a large measure of discretion in such matters in order that

Mabry v. State.

business may be dispatched expeditiously, and we will not interfere with its action where it is not in violation of some mandatory provision of the law unless it is shown to operate to the prejudice of the party complaining. The case of *Dupont v. McAdow*, (*Montana*), 9 *Pac. Rep.*, 925, relied upon by the appellant is not in point. There, bystanders were imposed upon the defendant as jurors when the statute gave him the right to draw a jury from a reserved force of jurors previously selected by the jury commissioners.

2. SAME:
*Same:*
Order
made in defendant's absence.
But it is argued that the order by means of which nine jurors were brought before the court is erroneous because it was made in the defendant's absence.

Before the adoption of the Code of Procedure, the statute required that there should be ordered for the trial of each criminal cause a number of qualified jurors equal to the number of peremptory challenges and twelve in addition. *Gould's Digest*, *Ch.* 52, *sec.* 165. The order for the venire was regarded as a material step in the progress of the trial, and it was adjudged to be error to make the order when the defendant was absent. *Brown v. State*, 24 *Ark.*, 620; *Osborn v. State, Ib.*, 628. But the practice of summoning a special jury for each case has been abolished. A panel of twenty-four jurors selected by jury commissioners before the term of court at which they are to serve, is provided for the trial of all causes, criminal and civil alike. *Mansf. Dig.*, *secs.* 4004-5. The statute does not contemplate that a defendant shall be present when the commissioners are selected by the court or when the jurors are selected by the commissioners. The offence may be committed and the indictment found after they have performed their duties. If the commissioners fail to act, or if the panel they have selected becomes incomplete for any cause, the sheriff, or if he be disqualified, some other person designated in his place, under the direction of the court, performs the duty of selecting or completing the panel. *Ib.*,

secs. 4003, 4008. The court's order in such a case cannot be regarded as a step in the trial of any particular cause such as entitles a defendant under indictment for a felony to demand the right to be present. The order is the first step in the organization of an arm of the court upon which it must lean in the.trial of all criminal causes at that term. A defendant could as well claim the right to be present at the election of the sheriff who is to summon the jury, or the judge who is. to try the cause, as at the order for the panel.

The causes of exception to the decision of the court upon challenges to the panel, are limited by statue, and no cause for challenge can be assigned as error here which does not deny the party complaining the exercise of a natural or constitutional right. *Mansf. Dig.*, sec. 2305 ; *People v. South-well*, 46 *Cal.*, 141 ; *People v. Ah Chung*, 54 *Ib.*, 398 ; *People v. Darr*, 61 *Ib.*, 554 ; *People v. Welch*, 49 *Ib.*, 174 ; *Palmore v. State*, 29 *Ark.*, 248 ; *Wallace v. State*, 28 *Ark*, 547.

The right to be present when the order to summon a part or the whole of a panel is made, is not proof against legislative action, and its denial is not the subject of exception. *Authorities supra.* The defendant cannot therefore be heard to complain that the order to summon jurors to complete the term jury was made in his absence. The presence of a defendant when an order is made directing the summoning of a part of the jury to try his cause is not more important than his presence when an order is made which serves only to secure the presence of bystanders, from whom jurymen may be called under the direction of the court in his presence. Three of the jurors who acted in this cause were taken from the by-standers who are now objected to. But as they were enlisted in the regular panel, the objection that the order for their presence was made in the defendant's absence fails. It would be a strange anomaly that the statute should contemplate that a part of the jurors can be legally summoned by

32

the sheriff from the bystanders under an order made in the defendant's absence, but that the court could not make preparation to bring in others to be called afterwards in his presence; in other words, that of nine equally competent jurors, summoned at one time under the same authority, three could be legally taken as jurors and six could not. We cannot give the statute that construction.

3. SAME:
" Objecti n
to jurors:
Waiver of. But if it was erroneous, in the defendant's absence, to make the order, to assemble suitable persons for use as talesmen, we think the appellant is not in a position to complain. The only probability of prejudice to his cause was that by reason of his absence something had been done which might have imposed a biased or incompetent jury upon him. This could not have happened so long as his right of peremptory challenge remained. If this objection, urged against the jury, does not go to the panel within the meaning of section 2305 of the statute cited above, then it is to the poll, that is to persons offered to complete the partially impanelled jury. When such objection is made, and the record fails, as in this case, to show that the defendant exhausted his peremptory challenges, it is unavailing in the appellate court, because the failure to challenge is an implied admission that the jurors are unobjectionable. *Polk v. State,* 45 *Ark,* 165; *McKinney v. State,* 8 *Tex. Ct. of App.,* 637; *Cock v. Stae, Ib.,* 669; *State v. Jones,* 97 *N. C.,* 469; *State v. Anderson,* 26 *So. Ca.,* 599; *Curran v. Perciful,* 21 *Neb.,* 434; *Palmer v. People,* 4 *Ib.,* 68; *State v. Elliott,* 45 *Iowa,* 486; *Preswood v. State,* 3 *Heisk,* 468: *Ry. v. Lux,* 63 *Ill.,* 523.

The right of peremptory challenges is conferred as a means to reject, not to select jurors. The object of the law is to obtain a jury impartial to the prisoner and the state alike. Neither has a right to the services of any particular juror. *Hurley v. State,* 29 *Ark.,* 22.

If all the talesmen who were not excused had been chal-

Mabry v. State.

lenged by him and he had then been forced to accept a juror without the privilege of exercising his right of peremptory challenge, he might have cause to complaim. But he has voluntarily taken his chance of acquittal at the hands of jurors whom he might have rejected, and he must abide the issue.

We do not depart from the rule that the probability of prejudice by an order made in the absence of a defendant prosecuted for a felony, is all that need be shown to reverse a judgment of conviction, (*Bearden v. State*, 44 *Ark.*, 331, and cases cited), but adhere to its corollary that we will not reverse for that cause when it is plain the defendant has lost no advantage by his absence. *Polk v. State*, 45 *Ark.*, *sup.* The appellant cannot be said to have lost an advantage when the power to repair beyond peradventure the possibility of any prejudice his cause may have suffered, by his absence, was voluntarily abandoned.

4. SAME: Absence of defendant.

The third ground of objection to the jury is that the sheriff was prejudiced against the defendant, and for that reason disqualified to act in summoning talesmen. The evidence relied upon as a disqualification was the fact that the sheriff had made the affidavit upon which the defendant was held for murder. It appears that he was first arrested upon a charge of assault with intent to murder, and was in the sheriff's custody awaiting examination, when the person whom he was charged to have assaulted died of the wound. Thereupon the sheriff caused the charge to be changed to murder. He took no other part in the prosecution. The issue as to the officer's prejudice was tried by the court upon oral evidence and the admission of the facts stated, and was determined against the defendant. We think the evidence sustains the finding. The attention of the committing magistrate should have been called to the fact that the victim of the prisoner's assault had died of his wounds after the charge

5. SAME: Summoning talesmen: Disqualification of sheriff.

had been made, and a disqualifying bias or prejudice could not be imputed to the officer who had the prisoner in custody merely from the fact that he caused the charge to be changed to the higher grade of the offence.

A new trial was urged upon the ground that a juror disqualified to serve in the cause from actual bias was taken upon the jury without laches on the part of the defendant. Oral evidence was adduced before the court to establish this objection to the verdict. We have examined the testimony with care as the bill of exceptions presents it, and we are unable to say that the disqualification was established. We cannot therefore hold that the discretion which is vested in the trial court in disposing of such applications has been abused. *Meyer v. State,* 19 *Ark.,* 165 ; *Wright v. State,* 35 *Ib.,* 645. We decline to interfere with the ruling.

The evidence was ample to sustain the verdict. It would serve no useful purpose to detail the circumstances of the killing.

The court charged the jury fully and fairly, rejecting no request made by the appellant. No objection was made to the charge in the lower court either by exception at the time or motion for a new trial. It is now urged only that it does not sufficiently define the grades of homicide. If the question could be raised here for the first time, we should say that the charge is not open to the objection made. The court instructed the jury that the defendant might be convicted of any grade of homicide less than murder in the first degree, and read to them from the statutes the definition of the several offences. That was sufficient as was decided in *Palmore v. State,* 29 *Ark.,* 248 ; *Carroll v. State,* 45 *Ib,* 539.

We have not overlooked the appellant's erudite argument upon the supposed errors of the court in reference to the examination of the child, Emily Hendricks, as a witness. It is not based upon the facts as presented by the record, how-

ever, and it would be useless to consider the questions discussed.

The absence of the jury which is complained of, when the witness was placed upon her *voir dire*, was brought about by special request of the defendant's counsel, and it is not therefore the subject of exception. If the witness was coached, as the appellant alleges in his argument, it was a matter to go to her credibility only. To what extent her memory was refreshed, or what she had previously sworn, we have no means of ascertaining. The record is silent. It discloses no error. Let the judgment be affirmed.