Jones, J.,
dissenting. If this judgment is sustained it means that a litigant will be denied his right to any review, both in this court and in the court of appeals. It is developed from the opinion of the court of appeals that the contention of the plaintiff in error was “devoted solely to the claim that the verdict and judgment of the court below is so manifestly against the weight of the evidence as to require a reversal of the judgment.” This is the only érror sought to be reviewed.
The trial court had previously granted a new trial because the verdict was against the weight of the evidence; but, because of the limitation *322 placed upon the trial court by Section 11577, General Code, forbidding it from granting “more than one new trial on the weight of the evidence,” the court of appeals concluded that it, too, had no right to review “that which the statute positively prohibits the trial court from doing.”
The effect of the judgment of the court of appeals is not only to deny the right of an appellate court to review a case but to permit the legislature to abridge the jurisdiction conferred by the constitution upon the courts of appeals. If that principle is sustained there is no reason why the legislature may not divest the court of appeals of every vestige of its appellate jurisdiction in law cases and vitally restrict its jurisdiction in chancery cases.
Appellate courts have always enforced the rule that if the lower court committed no error the judgment of course should be affirmed. This is an established rule, well known to courts and lawyers, and is a rule of judicial pronouncement. But, as shown in the cases cited in the majority opinion, the rule has only been applied where the reviewing court itself searched the record. (Scovern v. State, 6 Ohio St., 288, and Ohio Life Ins. Co. v. Goodin et al., 10 Ohio St., 557.) Such is not the present situation. In this case error may have actually intervened on the record in the trial court. In the discussion of this case it must be assumed that error did actually intervene, and if the trial court “committed no error” it was not because there was no error in the record but because Section 11577, General Code, precluded the trial court from examining the record and rectifying the error. The record *323 itself may disclose the error to be vital and grossly violative of justice, and yet this judgment in effect holds that by this method of restricting the jurisdiction of the common pleas court the legislature has entirely abridged the right of the court of appeals to review the judgment.
As appears from the opinion of the court of appeals in this case the contention of the plaintiff in error was based solely on the claim that the verdict and judgment of the court below were against the manifest weight of the evidence. The plaintiff in error desired the judgment of the appellate court upon that question, but was denied a review.
This case is one for personal injury, but obviously the principle applies to all classes of litigation. Is it conceivable that a litigant may now be deprived of liberty and property by the determination of a nisi prius jury, without the right of a judicial review, under the recently adopted provisions of our constitution? Under our present constitution the courts of appeals and the supreme court were created as a part of our judicial system and were given specific appellate jurisdiction unshackled by legislation. Cincinnati Polyclinic v. Batch, 92 Ohio St., 415, and Zonars v. Zonars, post, 518.
Before the adoption of the Constitution of 1912 the appellate jurisdiction of all courts was fixed by law. Ever since the adoption of the Constitution of 1802 the jurisdiction of the court of common pleas, both original and appellate, was such only as “shall be fixed by law.” When the circuit court *324 was created by the Amendment of October 9, 1883, it was given only “such appellate jurisdiction as may be provided by law;” and under the Constitution of 1851 the supreme court was given only “Such appellate jurisdiction as may be provided by law.” It will therefore be seen that, until the Amendment of 1912, the appellate jurisdiction of every court in this state was entirely statutory. But under the Amendment of 1912 the clause “such appellate jurisdiction as may be provided by law” was eliminated, and a broad field of appellate jurisdiction was given to the court of appeals to “review” the judgments of the courts of common pleas, and other courts of record as may be established by law. Cincinnati Polyclinic v. Balch, supra, where it is stated, at page 418, that the legislature “cannot add to or take from the appellate jurisdiction of the courts of appeals now conferred by the constitution.”
Undoubtedly the express purpose of the Amendment of 1912 was to grant appellate jurisdiction to review the judgments of the inferior courts, unshackled by legislative interference. Section 6, Article IV of the Constitution as amended in 1912, provides that the courts of appeals shall have “appellate jurisdiction * * * to review, affirm, modify or reverse the judgments of the courts of common pleas.” This right of review is broad and comprehensive and may not be limited by legislation, as formerly, under the provisions of the old constitution.
Let us assume that the legislature, acting within its constitutional powers, should provide that the *325 common pleas court could grant but one new trial on the charge of the court, or for the admission or rejection of testimony, or for any other error of law, no one can doubt the power of the legislature to limit the jurisdiction of the common pleas court upon those features as well as upon the weight of the evidence, but what would be the effect? Obviously it could thus cut off the appellate jurisdiction of every court of appeals and also of the supreme court and thus effectualy annul the provisions of the present constitution conferring appellate jurisdiction upon those courts. Jurisdiction is defined to be “the power to hear and determine,” and it is futile to shut our eyes to the fact that Section 11577, General Code, does not place a limitation upon jurisdiction. The question is squarely before this court: Can any one doubt that this judgment would be reviewable but for the enactment of Section 11577, General Code? The court of appeals did not refer to the case of Cincinnati Polyclinic v. Balch, supra. It was there held that the legislature had no power to limit the constitutional jurisdiction of the court of appeals to review, affirm, modify or reverse the judgments of the common pleas, and in the opinion in that case the statement is made that that section applies to all judgments of the courts of common pleas, and the word “all” is italicized in the opinion. And in the case of Zonars v. Zonars, reported without opinion, post, 518, it is held on the authority of the Polyclinic case that there can be no statutory abridgment of the right to review proceedings in divorce, although it had been the established prac *326 tice in this state, under the statutes as construed by this court, to deny the right of review in divorce cases. There can be no possible distinction as to the right to review, on the weight of the evidence, between divorce proceedings and other cases.
The principle here announced was settled in a criminal case, State of Ohio v. Mansfield, 89 Ohio St., 20. In that case as in this there was an attempt to invoke an old statute conferring appellate jurisdiction upon this court. This court held, syllabus 1: “This court acquires both original and appellate jurisdiction directly from the constitution of the state as amended September 3, 1912. The general assembly has no power or authority to limit or increase that jurisdiction.”
In Wagner v. Armstrong et al., 93 Ohio St., 443, there was an attempt, by statute, to enlarge the jurisdiction of the court of appeals; here there is an attempt to diminish it. On page 446 of the opinion it is stated that “the jurisdiction of the courts of appeals was unalterably fixed by Section 6, Article IV of the new Constitution, and the legislature consequently could neither enlarge nor diminish it.”
The judicial sanction given by this court in the Polyclinic and Zonars cases, supra, conforms to the manifest intention of the constitution-makers of 1912. When that constitution was submitted to a popular vote the constitutional convention submitted to the people of Ohio the text of this amendment accompanied by explanations “authorized by the convention.” These explanations were printed with the official sanction- of the convention, signed by its officials and spread broadcast throughout *327 the State for the instruction of its electorate. If there was any doubt as to the intention to give the right to judicial review of actions tried in the court of common pleas that doubt is settled beyond peradventure by the official explanations embodied in the pamphlet issued to the people. They appear immediately under Section 6, Article IV, as follows:
“Under the existing judicial system which this amendment proposes to change, an action first tried in the court of common pleas, is carried thence to the circuit court for review, and thence to the supreme court for the same purpose, and either of the two courts may reverse the judgment and send it all back to the beginning in the court of common pleas. * * * This [proposed amendment] reduces proceedings to ‘one trial and one review,'” etc.
Counsel for the defendant in error cite the case of Mahoning Valley Ry. Co. v. Santoro, Admr., 93 Ohio St., 53, as upholding the right of the legislature to limit the number of times the appellate courts could reverse on the weight of the evidence. The judgment in that case was right for the reason that the case before the court was a case “pending” in the circuit court before the new constitution became effective, and Section 6, Article IV, provided that “pending cases” in the circuit court should be determined under the then existing laws. The reason for that decision is apparent. It applied the force of Section 11577 to those cases pending in the circuit court, or courts of appeals, when the new constitution took effect. However, one clause appeared in the syllabus of the Santoro case which was not necessary to its decision, and was not *328 argued by the prevailing party. That is the latter clause of proposition 3 of the syllabus, which applied the limitations of Section 11577, General Code, “to all other cases, until said statute shall be repealed.” It is unfortunate that this clause found its way into the syllabus. In his brief, prevailing counsel made no pretense for its justification, but stood on his claim that his suit should “proceed to judgment”-as a pending case under the old law. This exemplifies the folly whereby the adoption of an unnecessary clause in a syllabus compels us to follow it as a precedent in a later case where the question is squarely presented and argued by counsel.
I dissented from that clause of the syllabus because I thought that the clause quoted limited the appellate power of the court of appeals, and that Section 11577 was jurisdictional and not procedural. And attention was called to the fact that to hold such section procedural would authorize the legislature to shackle the jurisdiction of the courts of appeals.
Where appellate jurisdiction is expressly conferred by the constitution upon a court it is clear that the “legislature can neither abolish the right, nor unreasonably restrict its exercise.” 2 Ruling Case Law, 29; Martin v. Simpkins, 20 Col., 438; St. Louis & Southeastern Ry. Co. v. Lux, 63 Ill., 523; Schlattweiler v. County of St. Clair, 63 Ill., 449, and Chattanooga v. Keith, 115 Tenn., 588.
Where appellate jurisdiction has thus been conferred the sole power of the legislature is to provide *329 the mode or method of exercising such jurisdiction. For example, while the legislature may not deprive the appellate court of its right of review, it may provide the time and method when such review may be exercised; and, while it may not prevent the appellate court from reviewing the error of the trial court, it may regulate by statute the mode and manner of review. If the legislature cannot enlarge the original jurisdiction of the court of appeals, when such enlargement is not expressly denied by the constitution (Kent et al. v. Mahaffy et al., 2 Ohio St., 498), a fortiori it follows that it cannot limit appellate jurisdiction which has. been expressly given that court by the constitution.
The most plausible argument advanced by counsel for defendant in error is this. They say in substance: “You admit the jurisdiction of the common pleas court is fixed by law; you must necessarily admit that the right of a second trial, including the grounds for a motion for a new trial, is purely statutory; therefore, the legislature may curtail the right of a second trial, the filing of a motion for a new trial, or the grounds upon which such motion shall be made; and if the legislature may do this what would there be left for review and what error could the trial court make?”
I would grant this contention were it not for the change made in the constitution by the Amendment of 1912. Prior to this amendment the appellate jurisdiction of the common pleas, district, circuit and supreme courts was only such as was provided by law. Under such provisions of the old constitution the legislature had, no doubt, the *330 right to restrict or regulate the appellate jurisdiction of either of such courts. Under those provisions the general assembly had the constitutional right to pass Section 11577, General Code, curtailing the jurisdiction of the appellate court by limiting its right of reversal on the weight of the evidence to a single time.
But it is. argued, let it be assumed that the legislature, acting within its constitutional power, divests the common pleas court of all jurisdiction to grant a second trial, in that event what would become of the power to review? It would seem the answer is clear. By Section 1, Article IV of the Constitution, the judicial power of the state is vested in the supreme court, the courts of appeals and other courts of record, and by Sections 2 and 6 of the same article appellate jurisdiction is given to the supreme court and the court of appeals.
I cannot conceive the legislature ever attempting to divest the higher courts of the state wholly of their appellate jurisdiction. If such an anomaly should occur, I have no doubt but that these higher courts would resume their old-time inherent appellate procedure and again employ writs of error or certiorari, of which we had ample evidence in the earlier reports of this state, when the legislature failed to adopt a code of civil procedure in error. It is true that by Section 12282, General Code, writs of error and certiorari were abolished, but that section still contains the provision that “courts may compel transcripts of the proceedings, containing the judgment or final order sought to be reversed, to be furnished, completed, or perfected, as heretofore they could do under such writs.”
*331 There is ample authority for the principle that where a superior court has been given constitutional appellate jurisdiction, and no provisions for review have been provided by statute, the higher courts may have recourse to writs of error or certiorari.
For the reasons stated the judgment of the court of appeals should be reversed and the case remanded to that court for further proceedings according to law.