SOVEREIGN CAMP WOODMEN OF THE WORLD v. COLE.

4-4166

Opinion delivered February 17, 1936.

*Rainey T. Wells* and *O. D. Thompson,* for appellant.
*D. H. Howell,* for appellee.

SMITH, J. Appellee sued and recovered judgment against the appellant insurance company upon a policy of insurance, which it had issued to him. The policy sued on is designated a "combined benefit certificate," and by its terms obligated the insurer to pay the beneficiary the sum of $3,000 upon the death of the insured, while in good standing or to pay one-half of that amount to the insured himself in the event of total disability.

It is not questioned that the policy was effective at the time of the institution of this suit. It is denied that the insured is totally disabled within the meaning of the policy, and it was denied also that he had made proper proofs of his disability. For the reversal of the judgment, it is also insisted: (a) that the court erred in holding one Bradley competent to serve as a juror in the trial from which this appeal comes; (b) that the testimony of Dr. J. M. Stewart was improperly admitted; and (c) that error was committed in permitting certain affidavits accompanying the claim for disability benefits filed with the insurer to be read in evidence. These assignments of error will be discussed in the order stated.

Without reciting the testimony, it may be said that it is abundantly sufficient to support the finding that appellee is totally disabled. The testimony of Dr. Stewart contains a detailed statement of the insured's condition, and the admission of this testimony is one of the errors assigned. It appears that the insured was examined by Dr. Stewart, at the suggestion and expense of the insurer, and it was objected by the insurer that the doctor's report was of a confidential nature. It appears, however, the insured's attorney consented to this examination upon the condition that he be furnished a copy of any report made to the insurer. There was nothing confidential about this report, as it was to be made to the opposing counsel. Moreover, the privilege between physician and patient inures to the benefit of the patient who may waive the privileged character of the testimony of the physician, which was done here.

The question of the insured's disability was submitted under instructions, which have frequently been approved by this court; and the testimony fully sustains

the finding that the insured was totally and permanently disabled.

The competency of one Bradley, a member of the regular panel to serve as a juror was raised. It does not appear whether he served or was excused although the juror was declared by the court to be competent. We do not recite the *voir dire* examination of the juror for the reason that it does not appear that the party objecting to his competency had exhausted his peremptory challenges. It was said by Chief Justice COCKRILL in the case of *Mabrey* v. *State,* 50 Ark. 492, 8 S. W. 823, that the right of peremptory challenges is conferred as a means to reject, and not to select jurors, and that where the record of the trial fails to show that the defendant had exhausted his peremptory challenges, his objection that a juror was improperly held competent is unavailing in the appellate court, because the failure to challenge is an implied admission that the juror was unobjectionable. That holding has been consistently followed in many subsequent cases.

The court permitted counsel for the insured to read, over the objections of counsel for the insurer, the affidavits of three physicians each of which was to the effect that the insured was totally and permanently disabled.

These affidavits were attached to the deposition of the secretary of the appellant insurance company in response to a cross-interrogatory requesting him so to do. The secretary had stated in answer to a direct interrogatory that: "The association has refused to pay Isaac L. Cole's claim for permanent disability benefits on the ground that he has failed to furnish satisfactory proof that he is permanently and totally disabled." The answer had alleged the failure of the claimant to make the proof of disability required by the constitution and by-laws of the organization. In overruling the objection to the reading of these affidavits, the court admonished the jury that they should not consider the affidavits of these physicians as proof of disability. He further said: "I am permitting the statements of the physicians to be read to you, not as substantive testimony of the plaintiff's condition now, but as part of the application to the

company for disability allowance." In other words, they were admitted for the purpose of showing that proof of disability had been made. Restricted to this purpose, the testimony was competent.

There appears to be no error, and the judgment must be affirmed. It is so ordered.