

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-15-1044

| | |
|---|---|
| HAROLD BRAZEAL<br><br>APPELLANT<br><br>V.<br><br>SCOTT COOPER, M.D. and<br>ORTHOPAEDIC CLINIC LTD., d/b/a<br>OZARK ORTHOPAEDIC AND SPORTS<br>MEDICINE CLINIC, LTD and d/b/a<br>OZARKS ORTHOPAEDICS<br><br>APPELLEES | **Opinion Delivered** September 28, 2016<br><br>APPEAL FROM THE BENTON<br>COUNTY CIRCUIT COURT<br>[NO. CV 2013-1854-5]<br><br>HONORABLE XOLLIE DUNCAN,<br>JUDGE<br><br>AFFIRMED |

## LARRY D. VAUGHT, Judge

Harold Brazeal appeals from a 2013 Benton County jury verdict in favor of Dr. Scott Cooper and his clinic, Orthopaedic Clinic, Ltd. (collectively referred to as appellees), on Brazeal's medical-negligence claim stemming from complications from a total knee replacement. On appeal, Brazeal argues that (1) the trial court erred in refusing to strike the trial testimony of Dr. Cooper's expert witness, and (2) the trial court erred by refusing to strike three jurors for cause. We affirm.

Brazeal sued appellees for medical negligence related to a total knee-replacement surgery that Dr. Cooper performed on him on December 20, 2011. The case went to trial in August 2015. After voir dire, Brazeal asked the court to strike a total of nine potential jurors for cause, of which the court excused two. Of the remaining seven, four were drawn for the jury panel. Brazeal used one of his peremptory challenges to remove one of these jurors but

did not use his remaining two peremptory strikes. Three jurors to whom Brazeal had raised challenges were ultimately seated on the jury.

During the trial, appellees called Dr. Frank Griffin as an expert witness. Dr. Griffin is an orthopedic surgeon who Brazeal stipulated was qualified under Rule 702 to testify as an expert. Dr. Griffin testified that he grew up in Arkansas, attended medical school in Arkansas, did his orthopedic residency in Arkansas, and had practiced orthopedic medicine in Van Buren since 1997. He testified that he was familiar with the standard of care in Benton County, Arkansas, and that there were no appreciable differences in how orthopedic surgery is practiced in the Rogers/Bentonville area versus Van Buren. He also testified that the communities of Rogers/Bentonville and Van Buren were similar in terms of the orthopedic services provided. Finally, he testified that he was active in the Arkansas Medical Society and had been on the Board of Trustees of the Arkansas Medical Society since 2005.

After the conclusion of Dr. Griffin's testimony, Brazeal moved to strike all of Dr. Griffin's testimony because it failed to meet the requirements of the locality rule found in Arkansas Code Annotated section 16-114-206 (Repl. 2006). Appellees responded that the locality rule applies only to the plaintiff and alternatively, Dr. Griffin's testimony was sufficient to meet the locality rule. The court denied Brazeal's motion without comment.

The jury returned a defense verdict. Brazeal filed a motion for new trial, again arguing that Dr. Griffin's testimony had failed to meet the requirements of the locality rule and should have been stricken. The court did not rule on the motion, and it was therefore deemed denied. Brazeal then filed a timely notice of appeal. On appeal, Brazeal raises two points for reversal: (1) the trial court erred in refusing to strike for cause the three jurors to whom he had objected

2

who were ultimately seated on the jury, and (2) the court erred by refusing to strike Dr. Griffin's expert testimony in its entirety.

Regarding the refusal to strike jurors, in *Herrington v. Ford Motor Co.*, 2010 Ark. App. 407, at 3–4, 376 S.W.3d 476, 479, we explained,

> Persons comprising the venire are presumed to be unbiased and qualified to serve, and the burden is on the party challenging a juror to prove actual bias. *Berry v. St. Paul Fire & Marine Insurance Co.*, 328 Ark. 553, 944 S.W.2d 838 (1997). The issue of a juror's qualifications lies within the sound discretion of the trial court and we will not reverse absent an abuse of discretion. *Id.*

However, in this case, we cannot address the merits of Brazeal's objections to the three jurors because Brazeal admittedly chose not to use all of his peremptory challenges. Brazeal argues that, because there were three jurors to whom he had objected, he could not possibly have remedied the error by exhausting his two remaining peremptory challenges.

Our case law is clear that failure to exhaust one's peremptory challenges waives the right to challenge the trial court's refusal to strike jurors for cause. In *Sovereign Camp, W.O.W. v. Cole*, 192 Ark. 268, 90 S.W.2d 769 (1936), the Arkansas Supreme Court explained that "where the record fails to show that the defendant had exhausted his peremptory challenges, his objection that a juror was improperly held competent is unavailing in the appellate court, because the failure to challenge is an implied admission that the juror was unobjectionable." *Sovereign Camp*, 192 Ark. at 270, 90 S.W.2d at 770 (citing *Mabry v. State*, 50 Ark. 492, 8 S.W. 823 (1888)). This rule has been subsequently reaffirmed. *See Mason v. Loving*, 251 Ark. 356, 473 S.W.2d 169 (1971); *Burdick v. Little Switzerland Realty, Inc.*, 2009 Ark. App. 553 ("We will not consider arguments concerning jurors either accepted by appellant while he had peremptory challenges remaining or those not accepted but excused by peremptory challenges."). We

SLIP OPINION

cannot reach the merits of Brazeal's arguments as to whether each of the remaining three jurors should have been struck for cause and therefore affirm on this point.

Brazeal's second point on appeal is that the trial court erred in refusing to strike the testimony of Dr. Griffin. In *Dundee v. Horton*, 2015 Ark. App. 690, at 5, 477 S.W.3d 558, 561, we explained that

> [w]hether a witness qualifies as an expert in a particular field is a matter within the trial court's discretion, and we will not reverse such a decision absent an abuse of that discretion. *Graftenreed v. Seabaugh*, 100 Ark. App. 364, 371, 268 S.W.3d 905, 914 (2007). If an opponent of the expert testimony contends that the expert is not qualified, the opponent bears the burden of showing that the testimony should be stricken. *Id.* at 371–72, 268 S.W.3d at 914.

The Arkansas Medical Malpractice Act sets out the burden of proof in medical-negligence cases. Ark. Code Ann. § 16-114-206 (Repl. 2006). The statute states as follows:

> (a) In any action for medical injury, when the asserted negligence does not lie within the jury's comprehension as a matter of common knowledge, the plaintiff shall have the burden of proving:
>
> > (1) By means of expert testimony provided only by a medical care provider of the same specialty as the defendant, the degree of skill and learning ordinarily possessed and used by members of the profession of the medical care provider in good standing, engaged in the same type of practice or specialty in the locality in which he or she practices or in a similar locality[.]

Ark. Code Ann. § 16-114-206. In *Hartman v. Edwards*, 2014 Ark. App. 480, at 6, 442 S.W.3d 13, 17, we explained that "in these cases, the plaintiff has the burden of proving the local standard of care, that the standard of care was violated, and that the violation of the standard of care proximately caused the plaintiff's injuries and damages." (citing Ark. Code Ann. § 16-114-206(a)).

Brazeal argues that the statute's locality rule should apply equally to all experts, including defense experts, and that Dr. Griffin's testimony should be struck for failure to meet

the requirements of the locality rule. We hold that the trial court did not err in refusing to strike Dr. Griffin's testimony because, even if the locality rule is applicable to defense experts, Dr. Griffin's testimony was sufficient to satisfy the rule. In *Heritage Physician Group, P.A. v. Minton*, 2014 Ark. App. 155, at 8, 432 S.W.3d 682, 686–87, we held that in order to meet the locality requirement, "there must be an attestation by an expert regarding this locality or a similar one." (Citing *Young v. Gastro-Intestinal Ctr., Inc.*, 361 Ark. 209, 205 S.W.3d 741 (2005)). "An expert must demonstrate a familiarity with the standard of practice in a similar locality, either by his testimony or by other evidence showing the similarity of localities." *Id.* (citing *First Commercial Trust Co. v. Rank*, 323 Ark. 390, 915 S.W.2d 262 (1996)). Although we consider the geographical location, size, and character of the community, similarity of localities is based not on population or area, but on the similarity of the local medical facilities, practices, and advantages. *Id.* In this case, Dr. Griffin explained his familiarity with the standard of practice in the Rogers/Bentonville area. He testified about his extensive experience practicing medicine in Arkansas, his education in Arkansas, and his service on the Arkansas Medical Society Board of Trustees, all of which provided the basis for his understanding of the standard of practice in Rogers/Bentonville. He expressly stated that the standard of practice in Rogers/Bentonville was the same as in Van Buren, where he practiced. In *First Commercial Trust Co. v. Rank*, the Arkansas Supreme Court opined that

> [a]n expert witness need not be one who has practiced in the particular locality, or one who is intimately familiar with the practice in it in order to be qualified as an expert in a medical malpractice action, "if an appropriate foundation is established to demonstrate that the witness is familiar with the standard of practice in a similar locality, either by his testimony or by other evidence showing the similarity of localities." *White v. Mitchell*, 263 Ark. 787, 568 S.W.2d 216 (1978).

323 Ark. at 401, 915 S.W.2d at 267. Therefore, Dr. Griffin's testimony was sufficient to establish his familiarity with the standard of practice in Rogers/Bentonville. As such, we need not address whether the locality rule applies to defense experts, either directly or through application of Rule 402 of the Arkansas Rules of Evidence,[1] because even if applicable, the requirement was satisfied in this case.

Affirmed.

HIXSON and BROWN, JJ., agree.

*James E. Keever* and *Ken Swindle*, for appellant.

*Cox, Cox & Estes, PLLC*, by: *Walter B. Cox* and *James R. Estes*, for appellees Scott Cooper, M.D. and Ozark Orthopaedic Clinic, LTD.

*Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for *amicus curiae* Arkansas Trial Lawyers Association.

---

[1] Brazeal's argument at trial and in his opening brief on appeal was that the statutory locality rule found in section 16-114-206 applies to all experts in a medical negligence case. In his reply brief and at oral argument, however, Brazeal adopted the position of *amicus curiae* Arkansas Trial Lawyers Association that defense-expert testimony in a medical malpractice case is irrelevant under Rule 402 if it fails to meet the locality rule. However, Brazeal did not make a contemporaneous objection to Dr. Griffin's testimony and failed to challenge its relevance to the trial court, rendering this issue unpreserved for appellate review. *See Callahan v. Clark*, 321 Ark. 376, 901 S.W.2d 842 (1995). Moreover, it is well established that we will not consider an argument made for the first time in a reply brief. *See Maddox v. City of Fort Smith*, 346 Ark. 209, 56 S.W.3d 375 (2001).