JOHN P. CLUCK, Appellant, v. ALBERT C. ABE.—40 S. W. (2d) 558.

Division One, June 24, 1931.

82

*Strubinger & Strubinger* for appellant.

*Jones, Hocker, Sullivan & Angert* for respondent.

84

FRANK, J.—Action to recover the sum of $10,000 for personal injuries alleged to have been caused by a collision between a motorcycle operated by plaintiff and an automobile operated by defendant, at the intersection of two public streets in the city of St. Louis. Verdict and judgment for defendant, and plaintiff appealed.

Plaintiff's first contention is that the verdict in defendant's favor is not supported by substantial evidence.

The sufficiency of the evidence to support the verdict in defendant's favor is not an open question in this court; therefore we need not concern ourselves about what the evidence showed in that regard.  The burden was not on the defendant, but was on the plaintiff to make out the case stated in his petition. In a case where the allegations of the petition are denied by the answer, and the plaintiff offers oral evidence tending to support the allegations of the petition, the defendant is entitled to have the jury pass upon the credibility of such evidence even though he should offer no evidence himself. The court has no right to tell the jury that it must believe the witnesses. The jury, in the first instance, is the sole judge of the credibility of the witnesses and of the weight and value of their evidence, and may believe or disbelieve the testimony of any one or all of the witnesses, though such evidence be uncontradicted and unimpeached. [Gannon v. Gas Co., 145 Mo. 502; Ford v. Wabash Ry. Co. et al., 300 S. W. 769, 777-778; State ex rel. Missouri Gas & Electric Service Co. v. Trimble et al., 271 S. W. 43, 47, and cases cited; Schroeder v. The C. & A. Ry. Co., 108 Mo. 322, 18 S. W. 1094.]

In the instant case, after plaintiff offered oral evidence tending to support the allegations of his petition, defendant offered evidence which he claims was sufficiently substantial to support the verdict in his behalf. Plaintiff, however, contends that the verdict is not supported by substantial evidence because (1) defendant's evidence respecting the manner in which the collision occurred is opposed by the established physical facts of the case, the laws of physics, common observation and experience, and is shown to be false by all the other facts in the case, and (2) said evidence is so full of contradictions and irreconcilable statements of material facts as to wholly destroy it and render it unbelievable.

It is settled law that appellate courts may disregard the testimony of a witness touching a material issue of fact where such testimony is at war with the physical facts, contrary to the law of physics, inherently impossible and unbelievable or the inferences to be drawn therefrom are manifestly false, but before the sworn testimony of a witness should be disregarded upon such legal conclusions they should be so clear and irrefutable that reasonable minds would not differ in respect thereto. [10 R. C. L. 1009; Schupback v. Meshevsky, 300 S. W. 465, 467.]

Conceding, without deciding, that defendant's evidence was contrary to the law of physics, inherently impossible and unbelievable and so contradictory as to be self-destructive, that situation, on the record as presented, would leave the case standing on plaintiff's evidence. The fact, if it were a fact, that defendant's testimony was inherently impossible and unbelievable and so contradictory as not to amount to substantial evidence, furnishes no reason for saying that the jury should have believed the plaintiff's evidence. The jury passed upon the credibility of the evidence and returned a verdict in favor of defendant. The law is too well settled to need citation of authority, that it was within the exclusive province of the trial court to determine whether or not this verdict was against the weight of the evidence. One of the grounds set up in plaintiff's motion for new trial was that the verdict was against the weight of the evidence. The trial court determined that question when it overruled the motion and refused to grant plaintiff a new trial. We are powerless to interfere with that ruling, because we have no authority to pass upon the weight of the evidence. [City of St. Louis v. Worthington, 19 S. W. (2d) 1066, 1067; Sofian v. Douglas, 23 S. W. (2d) 126, 129; Hunt v. Gillerman Iron & Metal Co., 327 Mo. 887.] The rule determinative of the question here presented was well stated by this court in Schroeder v. C. & A. Ry. Co., 108 Mo. 322, 326, 18 S. W. 1094, as follows:

"The defendant offered no testimony; so that the plaintiff's was uncontradicted; but from this it is not to be assumed that that evidence is to be accepted as true.

"The allegations of plaintiff's cause of action were denied by the answer. Thus was imposed on plaintiff the burden of proving the facts necessary to a verdict in his favor. Upon his submission of proofs to support the issue, on his part, the defendant was entitled to have the triers of fact determine its credibility, though defendant may have tendered nothing to contradict it. Should a verdict be returned against the evidence given in such circumstances, it might furnish a matter for the corrective action of the trial court in a proper case; but not for the exercise of the revisory power of an appellate court reviewing questions of law only."

We recognize that inherently impossible and unbelievable evidence has no place in any case and should never be submitted to the jury by instructions as a basis for a verdict in favor of either party. We also recognize that such evidence, if left in a case, although not submitted to the jury by instructions, might prejudice or mislead the jury, but no such questions are in this case. Defendant's evidence was not submitted to the jury by instructions. No instructions were given on behalf of defendant. No complaint is made against the admission of defendant's evidence relative to the manner in which the collision happened. No request was made to withdraw such evidence from the consideration of the jury and no claim is made that such evidence prejudiced or misled the jury. The only claim made respecting such evidence is that it was not sufficiently substantial to support the verdict in defendant's favor. Whether or not the verdict was against the weight of the evidence was a proper question for the trial court, but for reasons heretofore stated, this court has no authority to determine it.

Plaintiff testified that the left corner of the bumper of the automobile struck his left ankle and crushed it against the cylinders of the motorcycle; that he had a mark from the bumper on the left side and a mark from the cylinders on the right side of his heel. He asked leave to exhibit these marks to the jury which was denied. This action of the court is assigned as error.

The exhibition of an injured part of the body to the jury is usually permitted to show the character and extent of the injury, but plaintiff does not contend that the exhibition should have been permitted for that purpose. His claim is that the marks on each side of his heel tended to show that the automobile struck the motorcycle in the manner in which he claims and he should have been permitted to show them to the jury for that purpose. If the character of the injury tended to show that defendant was negligent, the exhibition of such injuries to the jury should have been permitted. The determination of this question involves a consideration of each party's claim as to how the collision occurred.

The collision occurred at the intersection of two public streets in the city of St. Louis. Defendant was driving his automobile south and plaintiff was driving his motorcycle north on the same street. Defendant testified that as he approached the center of the intersection, he saw plaintiff about two to three hundred feet south of the intersection and thought he intended to stop, so he blew his horn and gave a signal with his arm of his intention to turn his automobile to the left at the center of the intersection; that after he started to make the turn, he saw plaintiff did not intend to stop and that a collision was inevitable unless something was done to prevent it, so he continued to turn his automobile to the left in order to avoid a collision and finally stopped it at the northeast corner of the intersection, facing northeast about three feet from the curb; that the motorcycle kept coming toward him as he was making the circle; that as the automobile stopped the motorcycle struck the bracket which fastens the right end of the front bumper to the car, broke the bumper off and plaintiff's leg came in contact with the springs of the automobile, "that is the only way I can see." On the contrary, plaintiff testified that defendant began turning his automobile to the left before he reached the intersection, cut across the corner of the intersection, and the left corner of the front bumper of the automobile struck his motorcycle on the left side, crushed his ankle against the cylinders of the motorcycle, which left a mark from the bumper on the left and a mark from the cylinders on the right side of his heel.

From an examination of plaintiff's Exhibit "A," which is a picture of plaintiff's motorcycle, it appears that the cylinders of the motorcycle are located much higher than its footboard. If plaintiff's foot was on the footboard, as he claims it was, and the corner of the bumper of the automobile struck his ankle, it is difficult to understand how his ankle could have been crushed against the cylinders of the motorcycle. If the collision occurred as defendant says it did, it was neither impossible nor improbable that plaintiff's ankle or heel would have been marked as plaintiff claims it was marked. We are not passing upon the credibility of either plaintiff's or defendant's story as to how the collision occurred. What we do say is that the marks on either side of plaintiff's heel are just as consistent with defendant's theory of the case as with the plaintiff's theory. Where, as here, proffered evidence tends to prove one theory of a case as much as the other, it does not amount to substantial evidence of either theory. For this reason it was not reversible error to refuse to permit plaintiff to exhibit his foot to the jury.

Contention is made that the verdict is contrary to the instruction submitting the case under the humanitarian doctrine because defendant's own evidence showed that he could have stopped the automobile at least fifty feet from the point where the collision occurred.

Defendant testified that in his best judgment he traveled about seventy-five feet in making the turn at the rate of about ten miles per hour. There was no evidence as to the distance in which the automobile could have been stopped. Defendant testified that he did not know in what distance he could have stopped the car; that he threw his brakes on as soon as he started to make the turn and made the best and quickest stop he could possibly make; that he tried to stop all the time he was making the swinging turn. Evidently plaintiff is relying on the proposition that we should take judicial notice that an automobile traveling at the rate of ten miles per hour could be stopped in at least twenty-five feet, because he does not point to any evidence to support his contention but cites the case of Chawkley v. Wabash Ry. Co., 317 Mo. 782, 297 S. W. 20, 25, which contains the following language:

"There is some evidence as to the distance within which an automobile could be stopped: Going at twenty miles an hour, within twenty or twenty-five feet; going at twelve miles an hour, within ten or fifteen feet. . . . This evidence was objected to, but, as a matter of common knowledge, automobiles of all makes can be stopped within about that distance."

In the cited case there was evidence as to the distance within which the automobile could have been stopped. Evidently the court in that case considered the evidence as to the distance in which the automobile could be stopped and did not intend to hold that all makes of automobiles could be stopped within the same distance regardless of the character and condition of the brakes, the size and weight of the automobile, the weight of the load in the car, the condition of the road, etc.

If we should take judicial notice, which we do not, that an automobile traveling at the rate of ten miles per hour could be stopped within a given distance, it would not aid the plaintiff, because the evidence was not conclusive that the automobile was traveling at that rate. While defendant testified that his automobile was traveling about ten miles per hour, plaintiff testified that it was traveling between twenty-five and thirty miles per hour. The verdict being in defendant's favor, the evidence should be considered in a light most favorable to him. Both parties' testimony as to the rate of speed of the automobile being more or less an estimate, in view of the conflict in the evidence on that question, defendant's testimony that his automobile was traveling about ten miles per hour did not amount to a judicial admission which concluded him on that question.

It is claimed that the court erred in giving Instruction number one of its own motion. This instruction reads:

"The court instructs the jury that the burden of proof is on the

plaintiff to establish by the preponderance or greater weight of the evidence, the facts necessary to a verdict in his favor under these instructions.

"By the term 'burden of proof' and 'preponderance of the evidence' is meant that unless the evidence as to any issue in the case appears in your judgment to preponderate, in respect to credibility, in favor of the party to the action on whom the burden of proof (as to such issue) rests, then you should find against such party on said issue."

Two complaints are made against this instruction. (1) That it permitted the jury to say what the issues were, and (2) that it permitted the jury to consider the evidence upon alleged acts of negligence which had been abandoned by the plaintiff.

The case was submitted to the jury under the humanitarian doctrine by plaintiff's Instruction Number two. This instruction hypothesized all the facts necessary to a verdict for plaintiff and directed the jury to find for plaintiff in event it found the facts hypothesized in the instruction in favor of plaintiff. This instruction clearly told the jury what the issues were and did not permit a consideration of evidence upon alleged acts of negligence which had been abandoned.

The first clause of the instruction against which complaint is lodged, told the jury that the burden was on the plaintiff to establish by a preponderance or greater weight of the evidence, the facts necessary to a verdict in his favor *under these instructions.* The words of the instruction which we have italicized referred the jury to the other instructions in the case where the issues were clearly and correctly submitted. The second clause of the instruction told the jury that by the terms "burden of proof" and "preponderance of the evidence" was meant that unless the evidence as to any issue in the case appeared in its judgment, to preponderate, etc. The words, "the evidence as to any issue in the case" did not permit the jury to determine what the issues were, or permit it to consider evidence upon abandoned issues. This instruction must be read in connection with other given instructions which told the jury what the issues were. Plaintiff cites Wallace v. Burkhart Mfg. Co., 319 Mo. 52, 3 S. W. (2d) 387, 391, in support of his contention that the instruction under consideration permitted the jury to consider evidence as to acts of negligence alleged in the petition which were abandoned by plaintiff. The instruction in that case was condemned because it not only referred to pleaded acts of negligence which had been abandoned, but permitted the jury to consider evidence as to such abandoned acts of negligence in determining in which party's favor the credibility of the evidence predominated. For reasons hereto-

90

fore given the instruction under review in the instant case is not subject to that criticism.

The judgment should be and is affirmed. All concur.