James MORTON and Alma MORTON *v.* AMERICAN MEDICAL INTERNATIONAL, INC.

85-16                                                    689 S.W.2d 535

Supreme Court of Arkansas
Opinion delivered May 20, 1985

*Sanford, Pate & Marschewski,* by: *Jon R. Sanford,* for appellants.

*Huckabay, Munson, Rowlett & Tilley, P.A.,* for appellee.

GEORGE ROSE SMITH, Justice. This is a slip-and-fall case. Alma Morton and her husband brought suit against the appellee for personal injuries and loss of consortium allegedly caused by Mrs. Morton's having fallen on a slick floor just inside an entrance to St. Mary's Hospital in Russellville. The defendant denied liability. Mrs. Morton testified that the floor was clean but very slick. Two witnesses who were going in just behind her saw her fall and testified that the floor was slick. The jury, having received appropriate instructions, returned a verdict for the defendant.

The only argument for reversal is that the verdict is not supported by substantial evidence. Counsel for the appellants, without citing any specific case, refer us to a key-numbered section of West's Arkansas Digest where hundreds of cases are cited for the rule that a verdict supported by substantial evidence will not be set aside on appeal. It is argued that since the plaintiffs' witnesses in this case testified that the floor was slick and no witness for the defense said it was not, the verdict is not supported by substantial evidence; so the appellants are entitled to a new trial.

This argument stems from a fundamental misunderstanding of the law. We have not, of course, examined the hundreds of cases collected in the digest, but we are confident that in every one of them there was a verdict in favor of the party having the burden of proof, ordinarily the plaintiff, and the verdict was either upheld as being supported by substantial evidence or set aside as not

being so supported. We are not aware of any Arkansas case in which a verdict for the party not having the burden of proof has been set aside in a negligence case solely because it was not supported by substantial evidence.

■ The argument now made is presented so rarely that it seldom finds its way into the books. We did consider it in *Spink* v. *Mourton*, 235 Ark. 919, 362 S.W.2d 665 (1962). There the plaintiff, having lost below, argued that there was no substantial evidence to support the verdict and that (as it would logically follow) a verdict should have been directed for the plaintiff. In rejecting that argument we quoted with approval this language from *United States Fire Ins. Co.* v. *Milner Hotels*, 253 F.2d 542 (8th Cir. 1958):

> Thus, no matter how strong the evidence of a party, who has the burden of establishing negligence and proximate cause as facts, may comparatively seem to be, he is not entitled to have those facts declared to have reality as a matter of law, unless there is utterly no rational basis in the situation, testimonially, circumstantially, or inferentially, for a jury to believe otherwise.

■■ The Supreme Court of Missouri correctly stated the common law rule, which also governs in Arkansas, in *Cluck* v. *Abe*, 328 Mo. 81, 40 S.W.2d 558 (1931):

> The burden was not on the defendant, but was on the plaintiff to make out the case stated in his petition. In a case where the allegations of the petition are denied by the answer, and the plaintiff offers oral evidence tending to support the allegations of the petition, the defendant is entitled to have the jury pass upon the credibility of such evidence even though he should offer no evidence himself. The court has no right to tell the jury that it must believe the witnesses. The jury, in the first instance, is the sole judge of the credibility of the witnesses and of the weight and value of their evidence, and may believe or disbelieve the testimony of any one or all of the witnesses, *though such evidence be uncontradicted and unimpeached*. [Italics supplied.]

*See also Parson Construction Co.* v. *Missouri Public Serv. Co.*,

425 S.W.2d 166 (Mo. 1968).

We could end this opinion here; but lest it be supposed that a great injustice has occurred, we point out that there were solid reasons for the jury's verdict. The defense offered evidence to rebut the charge of negligence, its testimony being that the hospital used a non-skid wax, properly applied, that the floor had not been stripped of wax and rewaxed for about a month, that during the month of April, 1982, there had been no reports of anyone else's having fallen before Mrs. Morton fell on April 23, and that the floor had been rougher than some unidentified surface which plaintiffs' attorney pointed to during his cross examination of a witness.

Mrs. Morton's own testimony was also an adequate basis for the verdict, her credibility being a matter for the jury. In four earlier instances she had collected for personal injuries, the first three for rear-end collisions. In the fourth instance she had injured her knee in 1977. At that time she had surgery on the knee, requiring three days' hospitalization. The knee required surgery again in 1979, and in 1980 a tumor was removed from it. The knee had collapsed on her a number of times, twice causing her to fall when she could not catch herself to prevent it. Because of the knee she was drawing 100% disability from Social Security when she fell at St. Mary's Hospital. A more detailed discussion of the testimony would obviously be superfluous. The substantiality of the evidence is not the issue on this appeal.

Affirmed.

DUDLEY, J., not participating.