Richard WEBER *v.* James Brent BAILEY

90-65                                      787 S.W.2d 690

Supreme Court of Arkansas
Opinion delivered April 30, 1990

*Adams Law Firm*, by: *Johnny L. Nichols*, for appellant.

*Roy & Lambert Law Firm*, by: *David E. Morris*, for appellee.

JACK HOLT, JR., Chief Justice. This appeal arises out of an automobile accident involving the appellant, Richard Weber, and the appellee, James Brent Bailey. We affirm.

Weber was driving his pickup truck northbound on State Highway 7, through Bergman, Arkansas, when he was stopped by a flagman due to construction work being done on the road going into Tyson's mill. Another vehicle was stopped approximately twelve to fourteen feet in front of him. Bailey, who was driving a pickup truck pulling a stock trailer, came over the crest of a hill, saw the vehicles ahead of him, and applied his brakes, but was unable to stop in time to avoid a rear end collision with Weber's truck.

Bailey testified that he was driving forty to forty-five miles per hour at the time of the accident, but also stated that he did not know specifically how fast he was going. The posted speed limit at the accident scene was thirty-five miles per hour.

The State police officer who investigated the accident estimated Bailey's speed to be forty to fifty miles per hour, based upon the skid mark length of 117 feet, four inches. However, he admitted he was not an expert in this area.

Both the officer and Bailey testified that they did not see any warning signs on the incline of the hill. An eyewitness to the accident estimated that Bailey had 350 feet of unobstructed view of the road in front of him immediately prior to the accident. However, Bailey testified he first saw the other vehicles when he crested the hill, which was forty or fifty yards from the vehicles.

At the close of Bailey's case, Weber moved for a directed verdict on the issue of liability based upon the uncontroverted testimony at trial. The court denied the motion, and the jury returned a verdict in favor of Bailey. Weber filed a motion for a new trial or for judgment notwithstanding the verdict, which was also denied. From this order, Weber appeals.

For reversal, Weber contends that the trial court erred in refusing to grant a new trial in that the jury verdict was contrary to the evidence. We disagree.

██ Ark. R. Civ. P. 59(a) provides that a new trial may be granted when the verdict or decision is clearly contrary to the preponderance of the evidence. Where a motion for new trial is denied, the test on appeal, viewing the evidence in a light most favorable to the party resisting the motion, is whether there is substantial evidence to support the jury verdict. *Drope* v. *Owens*,

298 Ark. 69, 765 S.W.2d 8 (1989).

In *Morton* v. *American Medical Int'l, Inc.*, 286 Ark. 88, 689 S.W.2d 535 (1985), the plaintiffs brought suit against the defendant for personal injuries sustained in a slip and fall accident inside the entrance to defendant's hospital. The defendant denied liability. At trial, one of the plaintiffs testified that the floor was very slick. Two witnesses who saw her fall also testified that the floor was slick. The jury returned a verdict for the defendant.

On appeal, the plaintiffs contended that there was no substantial evidence to support the verdict. In affirming the trial court, we stated:

> We are not aware of any Arkansas case in which a verdict for the party not having the burden of proof has been set aside in a negligence case solely because it was not supported by substantial evidence. . . . The Supreme Court of Missouri correctly stated the common law rule, which also governs in Arkansas, in *Cluck* v. *Abe*, 328 Mo. 81, 40 S.W.2d 558 (1931):
>
>> The burden was not on the defendant, but was on the plaintiff to make out the case stated in his petition. In a case where the allegations of the petition are denied by the answer, and the plaintiff offers oral evidence tending to support the allegations of the petition, the defendant is entitled to have the jury pass upon the credibility of such evidence though he should offer no evidence himself. The court has no right to tell the jury that it must believe the witnesses. The jury, in the first instance, is the sole judge of the credibility of the witnesses and the weight and value of their evidence, and may believe or disbelieve the testimony of any one or all of the witnesses, *though such evidence be uncontradicted or unimpeached.*

We followed *Morton* in *Schaeffer* v. *McGhee*, 286 Ark. 113, 689 S.W.2d 537 (1985). *See also Barger* v. *Farrell*, 289 Ark. 252, 711 S.W.2d 773 (1986); *Takeya* v. *Didion*, 294 Ark. 611, 754 S.W.2d 614 (1988). In *Schaeffer*, the plaintiff's vehicle was struck from behind by the defendant's vehicle as the plaintiff

slowed to stop in traffic. The jury returned a verdict for the defendant. Following the verdict, the plaintiff moved for a judgment notwithstanding the verdict or for a new trial. The court denied the motions, and the plaintiff appealed contending that there was no substantial evidence to support the verdict and that the trial court erred in refusing to grant her motions.

In affirming, we stated:

> It is undisputed that appellant's vehicle was struck from the rear by the appellee's vehicle. Appellant assumes from that fact alone the jury was obligated to return a verdict in her favor. That is not our law. A plaintiff must prove that she sustained an injury, that the defendant was negligent, and that the negligence of the defendant was the proximate cause of her injuries. See AMI 203. . . . Where the sufficiency of the evidence to support a verdict is the issue on appeal, the standard of review is whether the verdict is supported by substantial evidence. Obviously in appeals from a verdict for the defendant the rule cannot always be read literally, as the defendant may have introduced little or no proof, yet the jury found against the plaintiff. It makes little sense in such cases for the plaintiff to argue the strict application of the rule, insisting that a reversal is required because the defendant's proof failed to meet the substantial evidence test. The evident fact is the plaintiff failed to convince the jury, or fact finder, of an essential element of proof. That seems to have been the case with this jury; it simply did not think the defendant was negligent, or that the plaintiff's injuries were proximately caused by the negligence, if any. Thus, the lack of substance is not with the defendant's proof, but with the plaintiff's. See *Morton v. American Medical Int'l, Inc.*, 286 Ark. 88, 689 S.W.2d 535 (1985).

Our holdings in *Schaeffer* and *Morton* are controlling in this case. In short, the questions of negligence and proximate cause were for the jury to decide, and it resolved them in Bailey's favor.

Affirmed.