Patricia ANDERSON and Nina Kelly *v.* Herbert GRAHAM,
Roger Raney, and W.A. Raney d/b/a
R & W Trucking Company, a Partnership

97-58                                   966 S.W.2d 223

Supreme Court of Arkansas
Opinion delivered April 9, 1998

*Stephen T. Arnold,* for appellants.

*Dunn, Nutter, Morgan & Shaw,* by: *W. David Carter* and *Christie G. Adams,* for appellees.

ROBERT L. BROWN, Justice. Appellants Patricia Anderson and Nina Kelly appeal from the denial of a motion for a directed verdict and denial of a motion for a new trial. They urge that each ruling constituted error by the trial court. We disagree on both counts and affirm.

On September 14, 1992, Anderson and Kelly were the driver and passenger, respectively, in a station wagon and had come to a stop on Highway 82, a two-lane road in Stamps. The reason for their stop was that the vehicle in front of them had come to a halt to make a left-hand turn at an intersecting street. While they were stopped, their car was hit from behind by appellee Herbert Graham, who was driving an 80,000 pound tractor-trailer rig owned by appellees Roger Raney and W.A. Raney d/b/a R & W Truck-

ing Company, a partnership (Raney). Graham had just crested a small hill and was unable to stop in time to avoid the accident. Following the accident, both Anderson and Kelly were taken to the Magnolia Hospital and treated in the emergency room.

Anderson and Kelly subsequently filed suit against Graham and Raney for negligence and asked for damages of $250,000 and $1,343,978, respectively. A three-day jury trial followed in which Anderson and Kelly called Graham as an adverse witness as part of their case-in-chief. After they rested, they moved the court for a directed verdict on the basis that Graham had admitted negligence and, thus, the trial court should direct the jury to enter a verdict in their favor as a matter of law. The trial court declined to do so. Much of the plaintiffs' case and the defense case consisted of medical records and deposition testimony of doctors regarding the physical condition of Anderson and Kelly. Graham and Raney presented medical evidence of accidents after the 1992 accident at issue where Kelly had suffered injuries similar to those complained of in this case. On cross-examination of Anderson, they also brought out that she was involved in a 1994 accident in which she injured herself in some of the same areas complained of in the present matter.

Following the verdict and entry of judgment, Anderson and Kelly moved for a new trial, claiming that the jury verdict was against the great weight and preponderance of the evidence. In making their motion, Anderson and Kelly repeated that Graham had essentially admitted both his negligence and the fact that the accident was the proximate cause of their injuries. The new-trial motion was denied. Anderson and Kelly now claim on appeal that it was error for the trial court to deny both motions.

We first consider the claim by Anderson and Kelly that it was error to deny their directed-verdict motion. We initially address the uniqueness of such a motion. In *Morton v. American. Med. Int'l, Inc.*, 286 Ark. 88, 689 S.W.2d 535 (1985), we stated: "[w]e are not aware of any Arkansas case in which a verdict for the party not having the burden of proof has been set aside in a negligence case solely because it was not supported by substantial evidence." The same still holds true.

In *Morton*, this court fully explained the difficulty of a plaintiff's appeal from a denial of a directed-verdict motion:

> The argument now made is presented so rarely that it seldom finds its way into the books. We did consider it in *Spink v. Mourton*, 235 Ark. 919, 362 S.W.2d 665 (1962). There the plaintiff, having lost below, argued that there was no substantial evidence to support the verdict and that (as it would logically follow) a verdict should have been directed for the plaintiff. In rejecting that argument we quoted with approval this language from *United States Fire Ins. Co. v. Milner Hotels*, 253 F.2d 542 (8th Cir. 1958):
>
>> Thus, no matter how strong the evidence of a party, who has the burden of establishing negligence and proximate cause as facts, may comparatively seem to be, he is not entitled to have those facts declared to have reality as a matter of law, unless there is utterly no rational basis in the situation, testimonially, circumstantially, or inferentially, for a jury to believe otherwise.

*Morton*, 286 Ark. at 90, 689 S.W.2d at 536. *See also Young v. Johnson*, 311 Ark. 551, 845 S.W.2d 509 (1993). We then went forward in *Morton* and stated the common-law rule as expressed in *Cluck v. Abe*, 328 Mo. 81, 40 S.W.2d 558 (1931), that the defendant is entitled to have the jury assess the credibility of the plaintiff's case even though the defendant offers no evidence himself. The jury may believe or disbelieve the plaintiff's witnesses irrespective of the fact that the evidence is uncontradicted and unimpeached. *Morton*, 286 Ark. at 90, 689 S.W.2d at 536.

On the same day that our opinion in the *Morton* case was handed down, this court delivered its opinion in *Schaeffer v. McGhee*, 286 Ark. 113, 689 S.W.2d 537 (1985). In *Schaeffer*, the plaintiff appealed from a jury verdict in favor of the defendant, under facts similar to those in the case before us, and from the denial of a motion for a new trial. The plaintiff argued that there was no evidence to support the jury's verdict in favor of the defendant because plaintiff's vehicle had been struck from behind by the defendant's vehicle while stopped in traffic. This court observed that the fact plaintiff's vehicle was struck from the rear did not raise a presumption of negligence and that the jury's ver-

dict could very easily have been attributed to the fact that the road at the time of the accident was glazed with ice and snow. We noted that where sufficiency of the evidence is the issue on appeal, our standard of review is whether the verdict is supported by substantial evidence.

■ We also affirmed in *Schaeffer* the notion that the defendant is under no obligation to present any evidence contradicting the plaintiff's case. We stated:

> Obviously in appeals from a verdict for the defendant the rule [of substantial evidence] cannot always be read literally, as the defendant may have introduced little or no proof, yet the jury found against the plaintiff. It makes little sense in such cases for the appellant to argue the strict application of the rule, insisting that a reversal is required because the defendant's proof failed to meet the substantial evidence test. The evident fact is the plaintiff failed to convince the jury, or fact finder, of an essential element of proof. That seems to have been the case with this jury, it simply did not think the defendant was negligent, or that the plaintiff's injuries were proximately caused by the negligence, if any. Thus, the lack of substance is not with the defendant's proof, but with the plaintiff's. *See Morton v. American Medical International, Inc.*, 286 Ark. 88, 689 S.W.2d 535 (1985).

*Schaeffer*, 286 Ark. at 115, 689 S.W.2d at 539.

In *Weber v. Bailey*, 302 Ark. 175, 787 S.W.2d 690 (1990), this court reviewed a case that was factually similar to the instant case. In *Weber*, the defendant was driving a pickup truck and pulling a stock trailer when he came over the crest of a hill, saw vehicles stopped in front of him, and was unable to stop his truck before running into the back of the plaintiff's vehicle. The defendant testified that he was driving forty to forty-five miles per hour at the time he topped the hill, even though the posted speed limit was thirty-five. He further testified that he saw the vehicles after climbing the hill, and that they were forty or fifty yards down the hill. The jury returned a verdict in favor of the defendant. This court quoted with approval the passages from *Morton* and *Schaeffer* set out above, and concluded that "the questions of negligence and proximate cause were for the jury to decide, and it resolved

them in [defendant's] favor." *Weber*, 302 Ark. at 178, 787 S.W.2d at 692.

Anderson and Kelly contend that their case differs from the *Morton-Schaeffer-Weber* line of cases. They say this is so because here Graham admitted to negligence. We disagree. It is true that Graham testified to the following facts:

- that he knew about the particular stretch of Highway 82 and the location of the hill he crested before the accident and that there were intersecting streets on the other side of the hill;
- that he saw the Anderson/Kelly station wagon ahead;
- That he could have avoided the accident if he had been driving at a reduced speed; and
- that he continued at a steady speed regardless of the dangers ahead.

Anderson and Kelly particularly underscore this exchange between Graham and counsel for Anderson and Kelly which, they urge, shows that Graham admitted negligence:

> COUNSEL: But you elected on your own, even though you knew you were loaded and even though you knew this hill was here, you elected to proceed over that hill at thirty to thirty-five miles per hour, didn't you?
>
> GRAHAM: I selected the speed that I could go through town without holding up a lot of traffic without having to downshift more trying to pull up and down hills.
>
> COUNSEL: That was for your convenience, wasn't it, sir?
>
> GRAHAM: Well, my convenience and the other traffic convenience.

■   Graham, for his part, argues that the evidence viewed most favorably in his light as appellee is:

- that his speed going through Stamps was 29 to 30 m.p.h. going up hills and as high as 35 m.p.h. going down hills. The speed limit was 30 m.p.h.;
- that to stop in time after cresting the hill, he would have had to be traveling 20 to 25 m.p.h.;
- that there were no warning signs about a dangerous intersection;
- that the sun momentarily blinded him at the top of the hill;

- that he hit his brakes as soon as he saw the station wagon but could not veer to the left because of an oncoming truck or to the right for fear of rolling his truck over on top of Anderson/Kelly's station wagon; and
- that there was not enough distance from the top of the hill to the station wagon for him to stop.

In this explanation, we discern no admission of negligence on Graham's part. In fact, he maintains that he did everything he could to avoid the accident. Moreover, there was evidence in this case that the hill and the intersection were dangerous, and that a driver, using ordinary care, could find himself in the situation of not being able to stop in time to avoid a car stopped at the intersection. Even Kelly said to Anderson while they were halted at the intersection: "[T]his is a bad place to have to stop." Hence, there is evidence to support a jury verdict that Graham acted reasonably under the circumstances.

■ ■ We conclude that our standard of review with respect to the denial of the plaintiff's motion for directed verdict is whether the defendants' case was utterly without a rational basis. *See Morton v. American Med. Int'l, Inc., supra.* It is clear to us that the case of Graham and Raney was not utterly without a rational basis. With regard to the denial of the motion for a new trial, we are of the opinion that there was substantial evidence to support the jury verdict, giving the verdict the benefit of all reasonable inferences permissible under the proof. *See Bell v. Darwin,* 327 Ark. 298, 937 S.W.2d 665 (1997); *Weber v. Bailey, supra.* Accordingly, we hold that the trial court did not err in denying either the motion for a directed verdict or the motion for a new trial.

Because we are not confronted in this case with the issue of a defendant who chose to present little or no evidence at trial, there is no need for us to consider this question, as we did in *Schaeffer v. McGhee, supra.* Moreover, since we conclude there was substantial evidence supporting a defendant's verdict on the negligence question, we need not address the issue of causation.

Affirmed.

THORNTON, J., not participating.