SCOTT TRUCK and TRACTOR COMPANY of Louisiana,
Inc., d/b/a Scott Construction Equipment;
and Case Credit Corporation *v.*
ALMA TRACTOR & EQUIPMENT, INC.

CA 00-315                                           35 S.W.3d 815

Court of Appeals of Arkansas
Division I
Opinion delivered December 13, 2000

*Patton, Haltom, Roberts, McWilliams & Greer, L.L.P.,* by: *Phillip N. Cockrell* and *Kristi I. McCasland*; and *Cypert, Crouch, Clark & Howell,* by: *Marcus Van Pelt,* for appellants.

*Jones, Jackson & Moll, PLC,* by: *Mark A. Moll,* for appellees.

JOSEPHINE LINKER HART, Judge. Scott Truck and Tractor Company of Louisiana, Inc., and Case Credit Corporation appeal the trial court's grant of appellee's directed-verdict motion and the denial of appellants' directed-verdict motion, both of which were made at the conclusion of appellants' case. Appellants argue that the trial court erred by (1) determining that their security interest in the disputed chattel was not perfected, (2) denying their directed-verdict motion, and (3) failing to find that appellee was not a buyer in the ordinary course of business. We agree with appellants on their first argument; however, we affirm on the second issue and decline to address the final issue. Accordingly, we affirm in part, reverse in part, and remand.

At the core of this case is the question of whether it was a minor error that was not seriously misleading, commensurate with Ark. Code Ann. § 4-9-402(8) (Supp. 1999), when the name given for the debtor on a financing statement was "M.P.G. Enterprises/Al MacKenzie Const. Mgmt." when in fact the name of the debtor was "M.P.G. Enterprises, Inc." We conclude that it was.

Scott Truck and Tractor Company of Louisiana, d/b/a Scott Construction Equipment (hereinafter "Scott"), was a retail equipment dealer and sold a Case 850 C Crawler-Dozer (hereinafter "dozer") to M.P.G. Enterprises/Al McKenzie Construction Management (hereinafter "M.P.G.") for $33,800 on April 12, 1995. M.P.G. paid $5,000 down and signed a retail installment sales con-

tract and security agreement to secure the balance of $28,800. This contract gave Scott a purchase money security interest in the dozer for the remaining balance. Pursuant to the contract, Scott assigned its right, title, and interest in the contract and its lien on the dozer to Case Credit Corporation (hereinafter "Case"). Scott filed a form UCC-1 with the Benton County Circuit Clerk on April 17, 1995, listing the debtor as "M.P.G. Enterprises/Al McKenzie Constr. Mgmt." and listing the secured parties as Scott and Case. On April 19, 1995, Scott filed a form UCC-1 with the Arkansas Secretary of State, listing the same debtor and secured parties as on the other form UCC-1 filed in Benton County.

The retail installment contract that M.P.G. signed with Scott provided that M.P.G. could not sell or otherwise dispose of the collateral (*i.e.*, the dozer) without permission. Appellee purchased the dozer from M.P.G. in August 1996 as a "trade-in" on other equipment. Appellee thereafter sold the dozer to Arkansas Tractor for $15,000. No money was paid to Scott from either the sale to appellee or the sale to Arkansas Tractor. M.P.G. filed Chapter 11 bankruptcy in September 1996, and the debt to Scott was never satisfied.

Scott sued appellee for conversion of its collateral, contending that the balance owed under its contract with M.P.G. was $17,187.50 and that the fair market value of the collateral was $15,000. The trial court granted a directed verdict for appellee. It found that Scott failed to properly perfect its purchase money security interest; that the correct name of the debtor is M.P.G. Enterprises, Inc.; that by listing the name "M.P.G. Enterprises/Al McKenzie Constr. Mgmt." on its financing statements, Scott did not properly identify the debtor; and that appellee had no notice, either actual or constructive, that either of the appellants claimed a security interest in the collateral.

Upon the conclusion of appellants' case-in-chief and prior to the presentation of appellee's case-in-chief, both parties moved for a directed verdict. The trial court denied appellants' motion by reasoning that the security interest was not properly perfected with the proper name. Consequently, the trial court, using substantially the same reasoning, granted appellee's motion for a direct verdict. From the judgment embodying these rulings comes this appeal.

### I. Motions for directed verdict

#### a. Appellee's granted directed-verdict motion

■ "In reviewing an order granting a motion for directed verdict, this court considers the evidence in the light most favorable to the party against whom the verdict was directed. . . . [and if] any substantial evidence exists that tends to establish an issue in favor of that party, it is error for the trial court to grant the directed-verdict motion." *Minor v. Failla*, 329 Ark. 274, 281, 946 S.W.2d 954, 957 (1997) (citations omitted). In the case at bar, the trial court determined that appellants listed the debtor's name incorrectly on the financing statement, constituting a lack of evidence to establish a perfected security interest, and, consequently, prevented appellants from prevailing at trial as a matter of law. Appellants argue that the error in the financing statement was a minor error that was not seriously misleading and, therefore, should not defeat their security interest. We agree with appellants and, therefore, reverse and remand.

■ At issue is whether the debtor's name on the financing statement complied with the Uniform Commercial Code. In the event the debtor's name was not proper, then it must be determined whether that error constituted the type of mistake contemplated by Ark. Code Ann. § 4-9-402(8), which provides:

> A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading.

To reach this determination, we are guided by the following principle:

> The test of whether an error in the debtor's name in a financing statement is a "minor error" that is not "seriously misleading" is whether it would not prevent a reasonable diligent searcher from discovering the financing statement when the search is made under the correct name of the debtor. Each case must be decided on the basis of its own facts.

9 Ronald A. Anderson, *Uniform Commercial Code* § 9-402:38 (3rd ed. 1999).

■ In the case at bar, it is uncontested that the financing statement contained an error with regard to the debtor's name.

However, we conclude that this error — the differences between "M.P.G. Enterprises, Inc." and "M.P.G. Enterprises/Al McKenzie Constr. Mgmt." — would not prevent a reasonably diligent searcher from discovering the financing statement.[1] Both names begin with the same letter and both names contain "M.P.G. Enterprises." Accordingly, we do not conclude that because the debtor's name was incorrectly listed on the financing statement, appellants were unable to establish that the security interest was perfected.

### b. Appellants denied directed-verdict motion

Appellants also argue that the trial court erred by denying their directed-verdict motion. This argument presents an issue that has been raised from time-to-time concerning the peculiarity of the use of directed-verdict motions by parties that have the burden of proof. *See, e.g., Morton v. American Med. Int'l, Inc.,* 286 Ark. 88, 689 S.W.2d 535 (1985). *See also* David Newbern, *Arkansas Civil Practice and Procedure* § 23-13 (2nd ed. 1993) ("While the rule is clearer than the superseded statute that even a party bearing the burden of proof may move for a directed verdict, granting the motion made by the plaintiff continues to be a 'rarity.' "). More importantly, however, appellants' motion appears to have been offered at a time other than that contemplated by Ark. R. Civ. P. 50(a), which provides:

> A party may move for a directed verdict *at the close of the evidence offered by an opponent* and may offer evidence in the event that the motion is not granted, without having reserved the right to do so and to the extent as if the motion had not been made. A party may also move for a directed verdict *at the close of all of the evidence.* . . .

(Emphasis added.) Appellants moved for a directed verdict at the close of the evidence *it* offered, and because the trial ended prior to the presentation of appellee's case-in-chief, appellants obviously did not move for a directed verdict at the close of all the evidence.[2]

We are mindful of *Anderson v. Graham,* 332 Ark. 503, 966 S.W.2d 223 (1998), in which our supreme court considered a plaintiff's directed-verdict motion made before the presentation of the

---

[1] We note the requirement set forth in Ark. Code Ann. § 4-9-403(4) (Supp. 1999), that "the filing officer shall index the statement according to the name of the debtor . . . ."

[2] This interpretation of Rule 50(a) is consistent with the general rule that "[a] plaintiff's motion for directed verdict is usually made after the close of the defendant's case, since the court is required to examine all of the evidence in the light most favorable to the nonmoving party in order to make its ruling." 75A AM. JUR. 2D *Trial* § 942 (1991).

defendant's case-in-chief; however, unlike the case at bar, the supreme court in that case was able to review the sufficiency of the evidence in the defendant's case. The distinction is highlighted by the standard of review used in *Anderson* — "our standard of review with respect to the denial of the plaintiff's motion for directed verdict is whether the defendants' case was utterly without a rational basis." *Anderson*, 332 Ark. at 509, 966 S.W.2d at 226. That standard of review is, of course, no help in cases such as this where the defendant has not presented a case.

■ Accordingly, under the rare facts and circumstances of this case, we conclude that the trial court did not err by denying appellants' directed-verdict motion, and affirm, albeit for a different reason than expressed by the trial court, commensurate with our oft-stated rule that we affirm the judgment of the trial court if the result reached is correct. *See, e.g., R.J. Bob Jones Excavating Contractor, Inc. v. Firemen's Ins. Co. of Newark, New Jersey*, 324 Ark. 282, 289, 920 S.W.2d 483, 487 (1996) (citing *Lawhon Farm Supply, Inc. v. Hayes*, 316 Ark. 69, 870 S.W.2d 729 (1994)).

## II. Appellee as a buyer in the ordinary course of business

■ Finally, appellants argue that the trial court erred by failing to find that appellee had not acquired the status of a buyer in the ordinary course of business. We, however, decline to address the merits of this argument because to do so would require a review of appellee's case-in-chief, which we cannot do because appellee never presented its case.

Affirmed in part, reversed in part, and remanded.

ROBBINS, C.J., and NEAL, J., agree.